```
                    UNITED STATES DISTRICT COURT     FILED
                    NORTHERN DISTRICT OF ALABAMA  99 NOV 30 PM 2:00
                         NORTHEASTERN DIVISION
                                                   U.S. DISTRICT COURT
                                                    N.D. OF ALABAMA
TAVETT GLENN COLVIN and        )
LINDA COLVIN, individually     )                      ENTERED
and on behalf of a class       )
of persons similarly           )                      NOV 30 1999
situated,                      )
                               )
      Plaintiffs,              )
                               )
vs.                            )   Civil Action No. CV-99-S-2487-NE
                               )
JIM WALTER HOMES, INC.,        )
                               )
      Defendant.               )
```

### MEMORANDUM OPINION

This action is before the court on plaintiffs' motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) and defendant's motion to dismiss plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motions and pleadings, this court determines that it would not be aided by oral argument. Accordingly, this action shall be removed from the motion docket scheduled for December 2, 1999.

### I. FACTUAL BACKGROUND

Plaintiff Tavett Glenn Colvin, individually and on behalf of a putative class of persons allegedly similarly situated, commenced this action against defendant on September 16, 1999. Mr. Colvin amended his complaint on October 8, 1999, to add his wife, Linda Colvin, as a named plaintiff. She also sued defendant individually

and on behalf of a putative class of persons allegedly similarly situated.

Plaintiffs brought claims for violations of the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq., as well as state law-based claims for breach of contract and breach of warranty, which relate to the construction by defendant of their home, described as a "manufactured home." (Amended class action complaint ¶ 7.) The Colvins also purported to represent "a class consisting of all persons, either natural or corporate, who have purchased or owned a Jim Walter manufactured home, manufactured, marketed, and sold by defendant Jim Walter within the statutory period." (Id. ¶ 15.) The Colvins contended that although the "precise number" of class members was not then known, they believed that "there are more than one hundred (100) members," who are "geographically dispersed." (Id. ¶ 16.)

Defendant moved to dismiss plaintiffs' amended class action complaint on October 25, 1999, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant also noted in its motion that this case was not appropriate for class certification.

Defendant argued that plaintiffs' claims under the Magnuson-

2

Moss Act fail, because "[a] house constructed for a consumer is not a 'consumer product' under the Act." (Defendant's motion to dismiss ¶ 5.) With respect to plaintiffs' claims of breach of contract and breach of warranty, defendant posited that the statute of limitations barred all of these claims. (*Id.* ¶¶ 6-8.) Finally, defendants concluded that plaintiffs' claims were not cognizable in the form of a class action, because "variances in the state laws affect defendants' due process rights and the overall commonality and predominance required by Federal Rule of Civil Procedure 23." (*Id.* ¶ 9.)

Plaintiffs moved for voluntary dismissal of their lawsuit on November 23, 1999. Plaintiffs filed their motion pursuant to Federal Rule of Civil Procedure 41, and argued that their action should be dismissed <u>without</u> prejudice. The court addresses this motion below.

## II. DISCUSSION

A plaintiff may voluntarily dismiss an action "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). This rule, however, is subject to the provisions of Federal Rule of Civil Procedure 23(e), which focuses on dismissal of class action lawsuits, such as the one currently before this court. Rule 23(e) states that "[a]

3

class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e).

Thus, "voluntary dismissal of class action suits require district court approval." 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2363, at 256 (2d ed. 1994).[1] The district court must analyze whether voluntary dismissal of the action will prejudice the members of the putative class. *See* In re *Phillips Petroleum Securities Litigation*, 109 F.R.D. 602, 607 (D. Del. 1986) (court need not analyze whether <u>defendant</u> will be prejudiced by dismissal).

A majority of the circuits have ruled that a district court should proceed with this inquiry even if, as here, the class has not been certified on the date a plaintiff moves for dismissal. *See Hamm v. Rhone-Poulenc Rorer Pharmaceutical, Inc.*, 176 F.R.D.

---

[1] The need for court approval in the class action context essentially focuses plaintiff's motion on Federal Rule of Civil Procedure 41(a)(2), which provides in relevant part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

4

566, 570 (D. Minn. 1997) (collecting cases from a number of circuits), *aff'd*, 187 F.3d 941 (8th Cir. 1999). The Eleventh Circuit has not decided this issue. *See Rice v. Ford Motor Company*, 88 F.3d 914, 919 n.8 ("In this Circuit, the applicability of Rule 23(e) to proposed classes prior to their certification is an open question.") Nonetheless, this court finds the conclusion reached by a number of other circuits persuasive, and undertakes the Rule 23(e) analysis in the pre-certification context. *See generally Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321 (7th Cir. 1995); *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989); *Kahan v. Rosenstiel*, 424 F.2d 161 (3d Cir. 1970).

This court concludes that voluntary dismissal of plaintiffs' complaint without prejudice is proper, because the putative class members will suffer no prejudice. As set forth in the amended complaint, the identity and number of class members that the Colvins purport to represent is unknown at this time. Thus, it is highly unlikely that any unnamed class members have knowledge of this lawsuit, or have relied on it to any extent. *Compare Rice*, 88 F.3d at 919 (defendant argued, unavailingly, that publicity surrounding filing of original complaint may have caused putative

5

class members to rely on named plaintiffs to prosecute their claims). According to the court in *Larkin General Hospital, Limited v. American Telephone & Telegraph Company*, 93 F.R.D. 497 (E.D. Pa. 1982):

> "One other saving grace to this embracive reading of Rule 23(e) is that when the settlement [or dismissal] occurs during the pre-certification period, particularly very early in the action, such as before answer or discovery on the Rule 23(c)(1) question, the judicial inquiry under subdivision (e) can be much more modest that it typically is after certification. ... All the court need require is a demonstration ... that no one will be prejudiced by removing the class allegations."

*Id.* at 501 (quoting Arthur R. Miller, *An Overview of Federal Class Actions: Past, Present, and Future* (1977)). The Fourth Circuit has noted that district courts should grant pre-certification dismissals in the absence of evidence of collusion. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314-15 (4th Cir. 1978) (also noting that a court should consider whether "the possible reliance interest of the absent putative class members in the particular case is sufficiently realistic to make necessary class notice").

Finally, this court notes that affording notice of the dismissal solely to the Colvins is appropriate at this stage in the proceedings, because the remaining members of the class have not been identified. Again, the rationale of the *Larkin General*

6

*Hospital* court is instructive:

> "Broadly interpreted, this language [in Federal Rule of Civil Procedure 23(e)] is sufficiently flexible to permit the court to approve a dismissal, but to determine that no notice at all is required, where the dismissal will not result in any prejudice to the class. ... Each request for dismissal is examined according to its own circumstances, to determine whether it may violate the function of the rule. If neither loss of benefit to the class nor evidence of collusive agreement is present, notice of dismissal is unnecessary."

*Larkin General Hospital*, 93 F.R.D. at 502-03 (quoting H. Newberg, *Class Actions* §§ 4950, 4960, at 405-06 (1977)). Because the court perceives no loss of benefit to any members of the putative class or evidence of collusion, notice to the Colvins comports with the requirements of Federal Rule of Civil Procedure 23(e).

For the foregoing reasons, plaintiffs' motion for voluntary dismissal is due to be granted. It follows, therefore, that defendant's motion to dismiss is due to be denied as moot. A separate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 30th day of November, 1999.

_____
United States District Judge